**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARREN KAWAMOTO, | Case No.: 1:14-cv-00176-LJO-JLT |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS |
| v. | |
| R. GROUNDS, Warden, | |
| Respondent. | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on February 16, 2014.[1] On February 13, 2014, after a preliminary screening of the petition indicated that the petition may be untimely under federal law, the Court issued an Order to Show Cause why the petition should not be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on February 16, 2014. (Doc. 1, p. 17). Although Petitioner dates his verification as February 6, 2014, it is obvious from the date of the signing of the petition itself that the latter date would be the date that triggers the "mailbox" rule. In any event, the discrepancy would not affect the Court's timeliness analysis, discussed *infra*.

dismissed as untimely and gave Petitioner thirty days within which to respond. (Doc. 5). On March 13, 2013, Petitioner filed a short response, arguing that his failure to file a petition for review in the California Supreme Court was due to his appointed attorney "abandoning" his appeal. (Doc. 6).

## DISCUSSION

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the February 13, 2014 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in <u>Herbst</u>.

B. <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 16, 2014, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on May 14, 2009. (Doc. 1, p. 1). The California Court of Appeal affirmed Petitioner's conviction on March 4, 2011. Petitioner did not file a petition for review in the California Supreme Court. (Doc. 1, p. 2). According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule 8.500(e)(1). Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was filed, or on April 13, 2011. Petitioner would then have one year from the following day, April 14, 2011, or until April 13, 2012, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on February 16, 2014, more than 22 months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a

full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). No statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. No tolling is allowed during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Stanislaus County on September 1, 2011, and denied on September 21, 2011;[2] (2) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on February 15, 2011, and denied on March 4, 2011; (3) petition filed in the 5th DCA on November 1, 2011, and denied on January 18, 2012; and (4) petition filed in the California Supreme Court on April 24, 2013,

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

1 and denied on June 12, 2013. (Doc. 1, pp. 4-5).[3]

2 As mentioned above, normally a petitioner is entitled to statutory tolling for the period during
3 which a properly filed state petition is pending. Such tolling also applies to the periods between the
4 denial of one petition and the filing of a subsequent petition, i.e., "interval" tolling, if the period of
5 time between petitions is reasonable and if the petitioner is proceeding to the next higher court. Here,
6 it appears that the third petition was denied on January 18, 2012 and the fourth petition was not filed
7 until April 24, 2013, over fifteen months later.

8 In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court held that the federal district courts
9 must determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S.
10 at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to
11 timeliness), the federal court must decide whether the filing of the request for state court appellate
12 review (in state collateral review proceedings) was made within what California would consider a
13 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is]
14 the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir.
15 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey v. Saffold, 536 U.S. at
16 226.

17 In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme
18 Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at
19 the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60
20 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After
21 Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's
22 mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions

---

[3] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. The Court has verified the dates set forth in the petition by consulting with the state court's electronic website.

were reasonable.  Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent.  However, among the Ninth Circuit as well as the various federal district courts in California, a consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare Stancle v. Clay, ___F.3d___, 2012 WL 3667315 *7 (9th Cir. 2012)(82 day delay unreasonable); Velasquez v. Kirkland, 629 F.3d 964, 968 (9th Cir. 2012)(delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); Bennett v. Felker, 635 F. Supp. 2d 1122, 1126-1127 (C.D. Cal. 2009)(93 days unreasonable); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans").

Here, as mentioned the delay was approximately 15 months, a period of time far exceeding even the most generous limits of timeliness among California's federal districts.  Accordingly, Petitioner is not entitled to interval tolling for that period; hence, the one-year limitation period would have expired during that time, since Petitioner was only entitled to 365 days at the outset.

Moreover, Petitioner would not normally be entitled to interval tolling where he files the next petition in the same or lower state court.  Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review; see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second).  In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate

round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system.  See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.")(emphasis supplied).  Thus, Petitioner would not be entitled to interval tolling between his second and third petitions, a period of approximately eight months.

However, <u>even if Petitioner were entitled to interval tolling for all of his petitions and even if all of his petitions were "properly filed" within the meaning of the AEDPA</u>, the petition is still untimely, based on the record now before the Court.

As discussed above, the one-year period would have commenced on April 14, 2011 and continued to run until Petitioner filed his first state habeas petition on September 1, 2011.  At that point, 140 days had run on the one-year period, leaving Petitioner with 225 days remaining.  Assuming, for purposes of argument only, that Petitioner was entitled to tolling for the entire pendency of his four petitions and the intervals between them, the one-year period would have started again upon the denial of his last petition on June 12, 2013, i.e., on June 13, 2013.  The limitation period would have continued to run until it expired 225 days later, i.e., on January 24, 2014.  As discussed, Petitioner filed the instant petition on February 16, 2014, approximately 23 days after the one-year period expired, assuming that Petitioner has the benefit of interval tolling.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

D.  <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. <u>See Holland v. Florida</u>, __U.S.__, 130 S.Ct. 2549, 2561 (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing

1  his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130
2  S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold
3  necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."
4  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,
5  "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

6  Here, Petitioner has made no express claim of entitlement to equitable tolling; however,
7  liberally construing Petitioner's response to the Order to Show Cause, the Court will consider that
8  Petitioner is making a claim for equitable tolling based upon his contention that his appellate attorney
9  "abandoned" his appeal before filing the petition for review.

10  Generally, attorney negligence, including a miscalculation of a filing deadline, is not a
11  sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period. Holland v. Florida,
12  560 U.S. 631, 651-652 (2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v.
13  Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).
14  However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct
15  standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801.  In Spitsyn, the
16  attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a
17  petition even though the attorney was repeatedly contacted by both the client and the client's mother,
18  and a grievance was filed with the state bar association complaining about the lack of response.  Also,
19  despite a letter terminating the representation and requesting the file, the file was not turned over until
20  two months after the expiration of the filing deadline.  The conduct was held to be sufficiently
21  egregious to warrant equitable tolling. Id. at 798, 801.  It was still necessary, however, that the
22  petitioner act with reasonable diligence. Id. at 802.

23  Here, counsel's negligent failure to timely file a petition for review is not a basis for equitable
24  tolling. See Holland, 560 U.S. at 651-652 ("garden variety claim of excusable neglect, such as a
25  simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling")
26  (citations and quotation marks omitted); Spitsyn, 345 F.3d at 800 ("ordinary attorney negligence will
27  not justify equitable tolling"); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.2002) ("the
28  miscalculation of the limitations period by ... counsel and his negligence in general do not constitute

extraordinary circumstances sufficient to warrant equitable tolling") (citation and quotation marks omitted); Frye, 273 F.3d at 1146 (denying equitable tolling based on counsel's negligence); Sanchez v. Holiday, 2012 WL 7187686, *2 (C.D. Cal. 2012)(denying equitable tolling for failure to file a timely petition for review); Williams v. Hartley, 2011 WL 3565115, *2 (C.D.Cal.2011) (denying equitable tolling when Petitioner was not "informed by his attorney of the need to comply with AEDPA's one-year statute of limitations"); Vijan v. Schriro, 2010 WL 5147994, *6 (D.Ariz.2010) (same); Hartman v. Smelosky, 2009 WL 3708796, *5 (C.D.Cal.2009) (same).

Moreover, Petitioner has repeatedly failed to show diligence in pursuing his habeas claims. The Court notes that the remittitur in Petitioner's direct appeal issued on November 22, 2010, thus triggering the one-year limitation period. However, the Court also notes that, on January 13, 2011, less than sixty days later, Petitioner filed a motion with the 5th DCA requesting an extension of time to file a petition for writ of habeas corpus. The Clerk of the 5th DCA sent a letter responding to Petitioner's concerns that same date. In other words, at that early point in time, Petitioner was aware that no petition for review had been filed and that he needed to act thereafter with diligence in order to preserve his federal habeas rights. Notwithstanding that knowledge, Petitioner did not file his first state habeas petition until September 1, 2011, approximately eight months later. When that petition was denied on September 21, 2011, Petitioner waited another five months, until February 15, 2011, to file his next state habeas. When that second petition was denied on March 4, 2011, Petitioner waited eight more months, until November 1, 2011, to file another petition in the 5th DCA. Finally, when that third petition was denied, he waited once again for over fifteen months to file his petition in the California Supreme Court. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107. The chronology above clearly establishes Petitioner's lack of diligence, which, in its scope and consequences, far outstrips any simple negligence that might be assigned to Petitioner's state counsel for failure to file the petition for review. Petitioner has only himself to blame for the fact that the instant petition is untimely.

///

///

**CONCLUSION**

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the Petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court concludes that Petitioner has not met his burden with respect to the tolling issue.  Accordingly, the petition is late and should therefore be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2014**               /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE